# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Madison Doll, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CE Myrtle Beach, LLC d/b/a Walk-On's Bistreaux & Bar, Doug Hornsby, individually, Keith Burkett, individually, PJ Boe, individually, Todd Hutchinson, individually, Samantha Fisk, individually, and Jason Sadowski, individually,<br><br>    Defendants. | Case No. 4:22-cv-04289-RBH<br><br><br>**ORDER APPROVING SETTLEMENT AGREEMENT** |

      This matter comes before the Court on a Joint Motion for Approval of Settlement Agreement (Entry No. 47) filed by Plaintiff and Defendants CE Myrtle Beach, LLC d/b/a Walk-On's Bistreaux & Bar, Jason Sadowski and Samantha Fisk ("Moving Defendants"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for approval of a settlement agreement whereby a) all claims in this lawsuit will be dismissed as to all named Defendants and b) all claims by Plaintiff Madison Doll will be dismissed *with prejudice*.

      This action was filed by Plaintiff in the Court of Common Pleas and removed by Moving Defendants to this Court on November 28, 2022. In her Second Amended Complaint, Plaintiff alleges two causes of action: a) failure to pay wages in violation of the South Carolina Payment of Wages Act, S.C. Code § 41-1-10. et seq. ("SCPWA") and b) violation of the Fair Labor Standards Act, 29 U.S.C § 203(M), 206 ("FLSA"). Moving Defendants each filed Answers to the Complaint.

      On July 6, 2023, the Court entered an Amended Consent Scheduling Order setting forth Court ordered deadlines in the case, including the deadline of October 1, 2023 for the Plaintiff to

1

file a motion to certify a class pursuant to Rule 23(a) of the South Carolina Rules of Civil Procedure and to conditionally certify a collective action pursuant to the FLSA. Plaintiff has not filed a motion to certify a class or to conditionally certify a collective action, and there has been no certification of a class or conditional certification of a collective action in this case.

Plaintiff and Moving Defendants have reached a settlement that requires the dismissal of all claims in this lawsuit and all defendants named in the lawsuit.[1] However, the settlement is only with Plaintiff Madison Doll individually, not any potential class, and the dismissal *with prejudice* is only as to the claims of Plaintiff Madison Doll individually.

THIS COURT FINDS that the settlement agreement proposed by the parties is fair, reasonable and adequate as to Plaintiff Madison Doll and all Defendants,

THIS COURT FURTHER FINDS that there has not been a certification of a class or conditional certification of a collective action in this case, only the claims of Madison Doll are being settled pursuant to the Joint Motion, and it is not necessary to provide notice to any potential class members.

IT IS, THEREFORE, ORDERED, that the settlement of this lawsuit, as proposed by the parties in the Joint Motion, is hereby APPROVED;

---

[1] A copy of the parties' settlement agreement was e-mailed to the court's chambers for review *in camera*. The parties desire to maintain a confidential settlement agreement. While the parties have not filed the agreement with the court, they do seek the court's *in camera* review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the parties to keep silent. Rather, the parties have agreed among themselves not to disclose the terms.

2

IT IS FURTHER ORDERED THAT all claims of Madison Doll against all Defendants shall be dismissed with prejudice.

IT IS SO ORDERED.

October 13, 2023                             <u>s/R. Bryan Harwell</u>
Florence, South Carolina                 R. Bryan Harwell
                                                 Chief United States District Judge